STEVEN W. MYHRE
Acting United States Attorney
Nevada Bar No. 9635
CHAD W. MCHENRY
Assistant United States Attorney
District of Nevada
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Chad.W.McHenry@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Bob Edward Holmes, Jr.,<br><br>    Defendant. | Case No. 2:17-cr-00130-JCM-NJK<br><br>**Stipulation for Protective Order (Revised)** |

It is stipulated and agreed between the parties, Steven W. Myhre, Acting United States Attorney for the District of Nevada, Chad W. McHenry, Assistant United States Attorney, and Defendant Bob Edward Holmes, Jr., and his counsel, Assistant Federal Public Defender Raquel Lazo, that this Court issue an Order protecting from disclosure to unauthorized parties any discovery documents containing personally-identifying information ("PII"), such as the Social Security numbers, driver's license numbers, dates of birth, or addresses, of participants,

witnesses and victims in this case. Such documents shall be referred to hereinafter as "Protected Documents." The parties state as follows:

1. The charges in this case are based in part on allegations that the defendant unlawfully accessed, obtained, and used the PII of a number of individuals. The discovery in this case contains a large amount of PII. Sufficiently redacting the PII of victims would be prohibitively time-consuming and would prevent the United States from making discovery available timely to the defense.

2. The discovery itself consists of hundreds of electronic documents consisting of thousands of pages of content in total, across both this case and in the defendant's prior case, District of Nevada case no. 2:10-cr-141-PMP-RJJ. Some disclosure of the discovery from the prior case will likely be required because of the similarities in the manner and means and the proximity in time of the two criminal schemes, so that the defense can ensure the charged conduct here does not overlap.

3. The defendant lives out-of-state, in California, and traveling in-person to his attorney's office to review the discovery under her supervision would be unduly burdensome time- and cost-wise to the defendant at this time.

4. The United States agrees to provide the entirety of the Protected Documents to defense counsel without redacting the personal identifiers of participants, witnesses, and victims, or any other PII contained therein.

5. Defense counsel agrees to review the Protected Documents and determine which are potentially relevant to the defense in this case. Defense counsel further agrees that copies of the Protected Documents will not be provided

to the defendant absent further order of this Court, although the defendant may review them in defense counsel's presence and under defense counsel's supervision.

6. Depending on the volume of Protected Documents which are determined to be relevant, the parties will then: 1) provide the defendant with a volume of segregated documents which do not contain PII, 2) redact any PII before providing the documents if they are not segregated, or 3) come back before the Court seeking a protective order to preclude the defendant's unauthorized use, copying, or disclosure of the non-redacted Protected Documents prior to providing them.

7. Access to Protected Documents will be restricted to persons authorized herein by the Court ("authorized persons"), namely, the attorney(s) of record and those attorneys' paralegals, support staff, investigators, experts, IT staff, contractors, vendors, and copy centers employed by the attorney(s) of record.

8. The following restrictions will be placed on defendant's attorney(s) and the above-designated individuals unless and until further ordered by the Court. The above-designated individuals shall:

    a. Not make copies of the Protected Documents for, or knowingly allow copies of any kind of the Protected Documents be made for, any person that is not an authorized person, and take reasonable steps to protect against allowing copies of any kind of the Protected Documents to be made for any person that is not an authorized person;

        b.    Not knowingly allow any other person to read the Protected Documents and take reasonable steps to prevent any person that is not an authorized person from reading the Protected Documents; and,

        c.    Not use the Protected Documents for any other purpose other than preparing to defend against the charges in the above-captoined case.

9.    Defendant's attorney(s) shall inform any person to whom they disclose the Protected Documents, or to whom they know the defendant has disclosed the Protected Documents, of the existence and terms of this Court's order. Further, the defendant's attorney(s) shall take reasonable measures to inform any person to whom disclosure may be made pursuant to this Court's order of the existence and terms of this order.

10.    The restrictions shall not restrict the use of the Protected Documents during the trial or during other judicial proceedings in this matter.

11.    By the date of sentencing in this matter, or seven days after acquittal, whatever the case may be, defense counsel shall direct all other authorized persons, or others defense counsel has reason to believe have obtained copies of the documents, to return copies of Protected Documents to defense counsel's office.

12.    At the conclusion of this action, defense counsel shall return to government counsel or destroy all copies of Protected Documents in defense counsel's possession, including any copies of the Protected Documents previously in the possession of all authorized persons and returned to defense counsel. This action will be deemed concluded after the completion of the final appeal in this

matter, or if no appeal was filed, then at the expiration of the statute of limitations for the filing of any final appeal of any matter, including collateral review.

**DATED** this 13th day of September, 2017.

Presented by:                                    Agreed:

STEVEN W. MYHRE
Acting United States Attorney

/ s / Chad McHenry                               / s / Raquel Lazo
_____                          _____
CHAD W. MCHENRY                                  RAQUEL LAZO
Assistant United States Attorney                 Assistant Federal Public Defender


## **ORDER**

IT IS SO ORDERED this __14th__ day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE